UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FLOYD L. SEMONS,

   Plaintiff,

v.               Case No. 23-CV-1497

BREANNA M. GILBERT and
HANNAH UTTER,

   Defendants.

---

## ORDER

On November 9, 2023, the court granted *pro se* plaintiff Floyd L.. Semons's motion to sever his case from Case No. 23-cv-357 and opened this case. (ECF No. 1-1.) Semons also filed a motion to "exchange magistrate judge" which the court construes as a motion to withdraw his consent. This order resolves that motion and screens Semons's complaint.

### MOTION TO WITHDRAW CONSENT (ECF NO. 4.)

On March 17, 2023, Semons and Darryk Spring filed Case No. 23-cv-357 against Breanna Gilbert and Hannah Utter—the defendants in this case—alleging that they failed to provide them dental care. All parties consented to the jurisdiction of a magistrate judge. Thereafter, the court screened the complaint, noting that neither Semons nor Spring alleged what dental issue they were seeking treatment

for. The court pointed out that, because Semons and Spring were incarcerated in different institutions, they may not be properly joined as plaintiffs in that action.

The court provided Semons and Spring with an opportunity to amend their complaint to provide additional details on the specific nature of their dental health issues. The court also informed Semons and Spring that they both would have to sign any amended complaint that they might file, which may be challenging given that they are housed in different institutions. The court told Springs and Semons that they may want to consider filing a motion to sever the case, with each of them filing his own separate amended complaint signed by him, at which point the court would sever the case and open a second case.

Thereafter, both Spring and Semons did file a motion to sever, after which the court opened this case, with Semons as the only plaintiff, leaving Spring as the only plaintiff in Case No. 23-cv-357. Semons now moves to withdraw his consent[1] to proceeding in front of this court because he takes issue with the way the court considered his evidence at summary judgment in a different case, Case No. 22-cv-594.

Absent extraordinary circumstances, a party cannot revoke his consent to proceed before a magistrate judge once he gives it. 28 U.S.C. § 636(c)(4); Fed.R.Civ.P. 73(b); *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 516 (7th Cir. 2003). Disagreeing with the way the court evaluated evidence in another case is not an extraordinary circumstance. Semons's motion is denied. Also, his

---

[1] The consent Semons gave prior to the court severing his case in Case No. 23-cv-357 carries over to this case.

request for an extension of time to re-file his complaint to proceed in front of a different judge is denied as moot.

## SCREENING OF THE COMPLAINT

The court has jurisdiction to screen the complaint in light of Semons's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

3

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Semons's Allegations*

Semons alleges that, when he transferred from Milwaukee County Jail to Dodge Correctional Institution (DCI) on March 16, 2022, he was suffering from an ongoing dental issue—specifically, "Post Bronchial WNL." (ECF No. 1 at 2.) This condition caused severe dental pain. (*Id.*) Semons sought dental care. (*Id.*) Defendant Brenna M. Gilbert, the Health Services Manager at DCI, knew that Semons needed dental care but there was no dental staff available to treat his condition. (*Id.*)

4

Semons then transferred to Green Bay Correctional Institution (GBCI) on May 3, 2022, and sought dental care. (ECF No. 1 at 3.) Defendant Hannah Utter, the Health Services Manager at GBCI, told Semons that GBCI did not have a dentist on staff and, therefore, could not provide Semons dental care. (*Id.*) Semons's teeth worsened, causing him great pain. (*Id.*) Semons finally saw a contracted dentist on November 22, 2022, "who noted Bronchial later pre WNL" and noted Semons needed dental floss and a follow up appointment to determine if his teeth needed to be extracted. On December 20, 2022, Utter denied Semons dental floss. Nearly a year later, Semons still has not had a follow up appointment.

*Analysis*

Semons claims that the defendants violated his constitutional rights by failing to provide him dental care. "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). While the court is not entirely clear what a "Bronchial WNL" is, "[d]ental care is one of the most important needs of inmates." *Hoeft v. Menos*, 347 Fed. App'x 225, 227 (7th Cir. 2009). "Extensive pain" caused from untreated cavities and tooth abscesses are objectively serious medical conditions. *Id.*; *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). At this stage, Semons's dental issues are objectively serious.

Semons sufficiently alleges that both defendants were deliberately indifferent to his dental health needs by failing to provide him dental care. Failing to have a

5

dentist on staff or timely finding an alternative while knowing that Semons needed dental care would amount to deliberate indifference. Semons further alleges that the defendants delayed his care, aggravating his condition and needlessly prolonging his pain, which also amounts to deliberate indifference. *See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Semons's motion to withdraw consent and for an extension of time to re-file his complaint (ECF No. 4) are **DENIED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Breanna M. Gilbert and Hannah Utter. It is **ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 16th day of November, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge