UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

v.                                                                   **Case No. 23-CV-1497**

**HANNAH UTTER,** *et al.,*

    Defendants.

**ORDER**

*Pro se* plaintiff Floyd L. Semons brought this lawsuit complaining about dental care that he received (or, more accurately, did not receive) when he was a prisoner first at Dodge Correctional Institution (DCI) and then at Green Bay Correctional Institution (GBCI). On January 22, 2024, he filed a motion to amend his complaint. (ECF No. 22.) That same day he filed a motion to clarify his motion to amend his complaint. (ECF No. 23.) On February 1, 2024, Semons filed a motion for a status conference (ECF No. 26) and a motion to add the United States Marshal Service fees to the court order that prohibits taking funds from his prisoner trust account until it reaches 20 percent of his income (ECF No. 27). On February 5, 2024, Breanna M. Gilbert, a purported defendant, filed a letter indicating that she has been mistakenly identified as the B. Gilbert against whom Semons makes allegations. (ECF No. 28).

## MOTIONS TO AMEND THE COMPLAINT (ECF NOS. 22, 23)

Semons's motions to amend the complaint list several clarifications and minor additions that he wishes to add to his complaint, apparently in response to defendant Hannah Utter's answer. However, pursuant to Civil Local Rule 15(b), not only must a motion to amend a complaint "state specifically what changes are being sought by the proposed amendments," the amended complaint "must be filed as an attachment as the motion to amend." The reason behind this requirement is that "an amended complaint supersedes an original complaint and renders the original complaint void." *Flanner v. Recording Indus. Ass'n of American*, 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted). Because neither of Semons's motions contain the entire amended complaint as an attachment, the court denies his motions.

## MOTION FOR STATUS CONFERENCE (ECF NO. 26)

Because there is no person named Breanna M. Gilbert who works as a Health Services Manager at DCI, the Wisconsin Department of Justice is not representing that defendant, leading Semons to request a status conference. (ECF No. 26; *see also* ECF No. 8.) Semons also appears to be arguing the substance of defendant Hannah Utter's answer.

There is no need for a status conference at this time. As for Utter's answer, Semons does not need to respond to the substance of the answer. He will get an opportunity to address the defenses raised in the answer later in the case, either in responding to a motion for summary judgment or at trial.

Regarding Gilbert, after the DOJ refused to accept service on behalf of that defendant because there was no Breanna M. Gilbert employed at DCI, the court had the

2

United States Marshal Service attempt personal service. (ECF No. 12.) The USMS served a Breanna M. Gilbert personally on January 18, 2024. (ECF No. 25.)

On February 5, 2024, Gilbert wrote a letter stating that she works as a pharmacist at the Central Pharmacy for the Department of Correction and is not the Health Services Manager at DCI. (ECF No. 28.) She states she was misidentified as such in Semons's complaint.

The court will dismiss Breanna M. Gilbert, pharmacist, as a defendant in this case and instruct the court to add a Jane Doe Health Services Manager to the caption. The court will soon enter a scheduling order that will provide instructions to Semons on how he can identify the Doe defendant. Semons's motion for a status conference is denied.

## MOTION REGARDING USMS FEES (ECF NO. 27)

Semons requests that the court add the fees incurred by personally serving Gilbert to the order that mandates that the remaining balance of his filing fee be taken in the form of monthly payments from his prison trust account in an amount equal to 20 percent of the preceding month's income. (ECF No. 27; *see also* Case No. 23-cv-357, ECF No. 26 at 8.) The court does not have the power to order this. Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. Semons's motion is denied.

**IT IS THEREFORE ORDERED** that Semons's motions to amend his complaint (ECF Nos. 22, 23) are **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion for a status conference (ECF No. 26) is **DENIED.**

**IT IS FURTHER ORDERED** that Breanna M. Gilbert, due to mistaken identity, is **DISMISSED** as a defendant. The Clerk of Court's office is instructed to add Jane Doe Health Services Manager to the caption.

**IT IS FURTHER ORDERED** that Semons's motion to add USMS fees to the collection order in the screening order (ECF No. 27) is **DENIED**.

Dated in Milwaukee, Wisconsin this 9th day of February, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge