UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FLOYD L. SEMONS**,

    Plaintiff,

v.                                                          **Case No. 23-CV-1497**

**HANNAH UTTER,** *et al.,*

    Defendants.

---

### ORDER

On March 27, 2024, *pro se* plaintiff Floyd L. Semons filed a motion for permission to amend the complaint. (ECF No. 34.) On April 8, 2024, Semons filed a motion to compel the defendants to respond to his discovery requests. (ECF No. 39.) On April 10, 2024, Semons filed a motion to clarify his motion for permission to amend the complaint. (ECF No. 40.) On April 15, 2024, Semons filed a motion for injunctive relief. (ECF No. 41). On April 30, 2024, the defendants filed a response to Semons's motion to compel and a motion for extension of time to respond to his discovery requests. (ECF No. 42.) On May 21, 2024, Semons filed a second motion to amend his complaint. (ECF No. 47.) On May 29, 2024, Semons filed a motion to identify Jane Doe Dentist. (ECF No. 49.)

This order resolves these motions.

**MOTIONS RELATED TO AMENDING THE COMPLAINT (ECF NOS. 34, 40, 47, and 49)**

Semons's motion for permission to amend the complaint (ECF No. 34) is superseded by his second motion to amend the complaint (ECF No. 47). Similarly, his

motion to clarify his motion for permission to amend the complaint (ECF No. 40) is also superseded by his second motion to amend the complaint. As such, the court denies these motions as moot.

Regarding Semons's second motion to amend his complaint (ECF No. 47), leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

Semons states that he wants to amend his complaint to clarify dates and the roles of the defendants. Given the previous confusion about who the proper defendant is for Dodge Correctional Institution's Health Services Manager, the court grants his motion to amend the complaint. The amended complaint (ECF No. 47) is now the operative complaint. The court now screens the amended complaint.

*Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015))

*Semons's Allegations*

When Semons arrived at Dodge Correctional Institution (DCI) on March 16, 2022, he had orders for outstanding dental care dating back to October 2021. (ECF No. 47 at 3.) Defendant Health Services Manager B. Gugler did not have a dentist on staff and purposely delayed Semons's dental care. (*Id.*)

In May 2022, Semons transferred to Green Bay Correctional Institution (GBCI) and still had not had dental treatment. (ECF No. 47 at 3.) Defendant Health Services Manager H. Utter also did not have a dentist on staff and delayed Semons's dental treatment. (*Id.*) On November 28, 2022, Semons finally saw an outside dentist who was contracted with GBCI. (*Id.*) The unidentified dentist noted a need for filling several cavities and relayed this information to Utter. (*Id.* at 3-4.) When Semons requested that the Health Services Unit (HSU) provide him the recommended treatment, an unidentified nurse informed him that there was no dentist on staff. (*Id.* at 4.)

GBCI finally hired a dentist in May 2023, defendant T. Turon, and Semons requested an appointment. (ECF No. 47 at 4.) Turon informed Semons he was on a waitlist. (*Id.*) Semons alleges that as of May 19, 2024, he still has not had his dental issues taken care of and is in extreme pain. (*Id.*)

*Analysis*

Semons claims that the defendants violated his constitutional rights by failing to provide him dental care. "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "Dental

care is one of the most important needs of inmates." *Hoeft v. Menos*, 347 Fed. App'x 225, 227 (7th Cir. 2009). "Extensive pain" caused from untreated cavities and tooth abscesses are objectively serious medical conditions. *Id.*; *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). At this stage, Semons's dental issues are objectively serious.

Semons sufficiently alleges that B. Gugler, H. Utter, and T. Turon were deliberately indifferent to his dental health needs. Due to lack of staffing and long waitlists, they knowingly delayed his care, aggravating his condition and needlessly prolonging his pain. *See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Semons does not state claims against the Jane Doe Dentist contractor or the Jane Doe Nurse. The Doe Dentist provided treatment and recommendations, which she gave to H. Utter. The nurse merely was relaying information from Semons to the HSU staff and vice versa.

Because there are no claims against any Doe defendants, Semons's motion to identify the Doe defendant (ECF No. 49) is denied as moot.

**MOTION TO COMPEL AND MOTION FOR EXTENSION TO RESPOND TO DISCOVERY (ECF NOS. 39, 42)**

Semons asserts that the defendants did not respond to the discovery requests he sent in February and March 2024. The defendants do not deny this, noting that the discovery requests were inadvertently filed in the wrong case. (ECF No. 42 at 1-2.) However, they also claim that Semons's March requests were illegible because they were written in pencil.

The court grants Semons's motion and orders the defendants to respond to any legible discovery requests within 30 days of the date of this order. If Semons wants

5

Case 2:23-cv-01497-WED  Filed 08/05/24  Page 5 of 9  Document 60

responses to the discovery he sent in March, he needs to resend them and make sure that the requests are readable. The defendants have 30 days from the date of receipt to respond to those requests. The court will also extend the discovery deadline in this case to September 16, 2024, and the dispositive motion deadline to October 16, 2024.

The court notes that Semons has filed a motion for summary judgment before the court had a chance to resolve his motion to compel. The court denies his motion for summary judgment without prejudice. Once discovery closes, if Semons feels he needs to file a new motion for summary judgment, he may. However, Semons should note that **he is not required to file a summary judgment motion**. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that plaintiff lacks the evidence to meet that burden.

## MOTION FOR A PRELIMINARY INJUNCTION (ECF NO. 41)

Semons seeks a preliminary injunction because he contends GBCI is tampering with his mail and also because GBCI is not following policy to hire a dentist full-time. In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

6

requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012).

A temporary restraining order or preliminary injunction is appropriate only when a plaintiff is seeking relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.")

Here, Semons's motion relating to his legal mail is unrelated to his underlying lawsuit. He must use his institution's inmate complaint system to address this complaint. If after he exhausts his administrative remedies he still feels the issue is unresolved, he may file a separate lawsuit under § 1983.

As for Semons's motion that GBCI be required to hire a full-time dentist, "[s]ection 1983 protects against 'constitutional violations, not violations of . . . departmental regulation and . . . practices[.]'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003)). The fact that GBCI may not be following its policy is not a constitutional violation but an issue with the day-to-day operations of the prison. Semons also already has an

adequate remedy at law for GBCI's failure to provide him a dentist—monetary damages. His motion for a preliminary injunction is denied.

**IT IS THEREFORE ORDERED** that Semons's motion to add a party, motion to clarify, and motion to identify Jane Doe Dentist (ECF Nos. 34, 40, 49) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Semons's second motion to amend the complaint (ECF No. 47) is **GRANTED**. The amended complaint (ECF No. 47) is the operative complaint.

**IT IS FURTHER ORDERED** that Semons's motion to compel (ECF No. 39) and the defendants' motion for extension to respond to discovery (ECF No. 42) are **GRANTED**. The defendants have 30 days from the date of this order to respond to any legible discovery requests already in their possession. If Semons sends a legible version of his March requests, defendants have 30 days from the date of receipt to respond. The discovery deadline is **EXTENDED** to **September 16, 2024**. The dispositive motion deadline is **EXTENDED** to **October 16, 2024.**

**IT IS FURTHER ORDERED** that Semons's motion for summary judgment (ECF No. 52) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Semons's motion for a preliminary injunction (ECF No.41) is **DENIED**.

Dated in Milwaukee, Wisconsin this 5th day of August, 2024.

                BY THE COURT

                _William E. Duffin_

                WILLIAM E. DUFFIN
                United States Magistrate Judge