# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD L. SEMONS**,

    Plaintiff,

v.                               **Case No. 23-CV-1497**

**HANNAH UTTER,** *et al.*,

    Defendants.

## ORDER

Semons filed a motion for expenses related to his motion to compel. (ECF No. 62.)

On October 7, 2024, the court entered an order that in part ordered the defendants to respond to Semons's motion for expenses. (ECF No. 74.) The defendants filed a response two days later, on October 9, 2024 (ECF No. 75), and Semons's file a reply on October 24, 2024 (ECF No. 88). That same day Semons filed a motion asking the court to reconsider its ruling on his motion for sanctions and motion for preliminary injunction. (ECF No. 89.)

This order resolves the motions.

### MOTION FOR EXPENSES (ECF NO. 62)

Semons moves pursuant to Fed. R. Civ. P. 37(5)(A) for expenses related to his motion to compel, which the court granted. Semons states he is entitled to expenses because the defendants delayed in responding to his discovery requests both before and after the court granted his motion to compel. (ECF No. 62 at 1-2.) The defendants

acknowledge that they did not timely respond to Semons's February 2024 discovery requests because they were misfiled. (ECF No. 75 at 2.) Once the error was discovered, the defendants sent their responses. (*Id.* at 1.)

Semons also states that the defendants did not respond to his March 17, 2024, discovery requests. (ECF No. 62 at 1-2.) As the court recognized in its order granting Semons's motion to compel, the defendants did not respond to the March 17 discovery requests because they were illegible. (ECF No. 60.) To that end, the court gave Semons an opportunity to resend a legible copy of his March 17 discovery requests to the defendants and instructed the defendants to respond within 30 days of receipt. (*Id.*) The defendants assert that on August 12, 2024, they received what Semons termed his March 17 discovery requests, but the requests were actually completely different requests. (ECF No. 75 at 6-7.) The defendants responded to the majority of these new requests on September 11, 2024. (*Id.*) They sent a supplemental response on September 24, 2024, after seeking an extension due to the availability of defendant Dr. Turon. (*Id.*) In short, Semons has received responses to all legible discovery requests he sent and suffered no new delay. (*Id.* at 8.)

Fed. R. Civ. P. 35(5)(A) states, "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." However, the court "must not order the payment" where the movant failed to attempt to

obtain the discovery in good faith; the non-disclosure "was substantially justified"; or it would be unjust to award expenses. Fed. R. Civ. P. 35(5)(A)(i)-(iii).

The slight delays caused by the February discovery requests being misfiled and the March 17 discovery requests being illegible renders the defendants' delayed disclosure substantially justified. Semons received all the information he legibly asked for well before his response to the defendants' motion for summary judgment was due. His motion for expenses is denied.

## MOTION FOR RECONSIDERATION (ECF NO. 89)

Semons requests that the court reconsider its ruling on his motion for sanctions because he now has proof that defendant Hannah Utter lied in her discovery requests. (ECF No. 89 at 1-2.) He also requests that court reconsider its ruling on his motion for a preliminary injunction because he can show how he would suffer irreparable harm. (*Id.* at 3-4.)

Semons's proof that Utter allegedly lied in responding to Semons's discovery requests does not demonstrate that her responses were false. As the court stated in its original order, at most Semons's contentions raise a question of fact that will be resolved at summary judgment. Additionally, it seems that Semons is misunderstanding some of Utter's responses. For instance, simply because Utter was the second level of response for a dispute about dental issues does not mean that she, as HSU manager, was in charge of or supervised the dental practice. (ECF No. 89-1 at 1-4.)

Turning to his motion for a preliminary injunction, while Semons now explains how he could be harmed by the defendants' actions, he still does not demonstrate that he

3

would be *irreparably* harmed by the delay in his dental care. He can still seek damages, which he is doing with this lawsuit. Semons's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Semons's motion for expenses (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motion for reconsideration (ECF No. 89) is also **DENIED**.

Dated in Milwaukee, Wisconsin this 9th day of December, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge