UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FLOYD L. SEMONS,

    Plaintiff,

v.                                                  Case No. 23-CV-1497

HANNAH UTTER, *et al.*

    Defendants.

### ORDER

On May 6, 2025, *pro se* plaintiff Floyd L. Semons filed a motion for leave to file a surreply in opposition to the defendants' motion for summary judgment and a motion for injunction (ECF No. 109), and a motion to bring newly discovered evidence to raise in a surreply (ECF No. 110). The motions are dated May 4, 2025. Two days before the motions were filed the court granted the defendants' motion for summary judgment and dismissed the case. (ECF No. 107.) On May 13, 2025, Semons filed a motion for relief from judgment. (ECF No. 111.) On May 14, 2025, Semons filed a motion to amend the judgment. (ECF No. 112.) On May 19, 2025, Semons filed a second motion for relief from judgment. (ECF No. 113.) This order resolves these motions.

**MOTIONS FOR LEAVE TO FILE SURREPLIES AND MOTION FOR INJUNCTION (ECF NOS. 109, 110)**

The summary judgment motion was fully briefed as of November 21, 2024. Semons moved for leave to file a surreply on March 3, 2025 (ECF No. 101), which the court denied

because he was attempting to bring allegations and claims against a person who was not a party to the case. (ECF No. 102.) The court informed Semons that he could file a suit against that person subject to the applicable statute of limitations. Semons moved for reconsideration (ECF No. 104), which the court denied. (ECF No. 106.)

Because the court has already dismissed Semons's case, there is no need for a surreply, and Semons's motions seeking to file surreplies are denied. Semons's motions appear to raise dental issues that he experienced in May 2025, so the court suggests that Semons use the inmate complaint system at his institution to resolve these issues. If he is unsatisfied, he may file another suit.

In that same vein, because Semons's motion for injunction also involves dental care from May 2025, and the relief sought is for a separate dental issue than the dental issues in the underlying case, it would be inappropriate for the court to grant Semons injunctive relief. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013). His motion for an injunction is denied.

**MOTIONS FOR RECONSIDERATION AND RELIEF FROM JUDGMENT**

Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 59(e) allow a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Breamish*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)). Rule

60(b) allows a court to grant relief from a final judgment for a specific set of reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud or misconduct, within a "reasonable time" after entry of judgment. Rule 60(b) also allows a court to grant relief from judgment for "any other reason that justifies relief," but the movant seeking such relief "must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Semons's motions raise arguments which the court has already addressed in its orders on Semons's various motions to compel and previously-filed motions for reconsideration. (ECF Nos. 74, 100, 102, 106.) The court was clear that there was no malfeasance on the part of the defendants during the discovery process. Also, the court was clear that allegations and claims against non-parties could not be raised at this late a stage in the case. Semons is attempting to "redo" his response to the defendants' summary judgment motion and insert allegations and claims that the court has already rejected. That is not a basis for altering the judgment or for reconsideration. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). His motions are denied.

**IT IS THEREFORE ORDERED** that Semons's motions for leave to file a surreply and for an injunction (ECF Nos. 109, 110) are **DENIED**.

**IT IS FURTHER ORDERED** that Semons's motions for reconsideration and to amend the judgment (ECF Nos. 111, 112, 113) are **DENIED**.

Dated in Milwaukee, Wisconsin this 17th day of July, 2025.

        BY THE COURT

        *William E. Duffin*

        WILLIAM E. DUFFIN
        United States Magistrate Judge